UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS FRITZ,

              Petitioner,

     v.

LAURIEN SMITH, et al.,

              Respondents.

Case No. 15-cv-01534-DMR (PR)

**ORDER ACKNOWLEDGING
PETITIONER'S VOLUNTARY
DISMISSAL OF THIS ACTION**

On April 3, 2015, Petitioner filed a document with the court in the instant case, which was opened as a habeas corpus action.  Petitioner has consented to magistrate judge jurisdiction in this matter.  Dkt. 4 at 1.

On the same day the action was filed the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he filed with the court a habeas corpus petition form, completed in full, within twenty-eight days or his action would be dismissed.  He was also sent another notice directing him to either pay the filing fee or file a completed prisoner's *in forma pauperis* ("IFP") application.  The Clerk sent Petitioner a blank IFP application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.

Before the court is Petitioner's "Motion to Dismiss," in which he moves for the court to dismiss the above-referenced action because he has "found an 'out of court settlement.'"  Dkt. 5 at 1.

Rule 41 of the Federal Rules of Civil Procedure grants a party bringing an action the absolute right to dismiss such action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment."  *See* Fed. R. Civ. P. 41(a)(1)(i).  Said dismissal may be with or without prejudice, but unless the notice of dismissal states otherwise, it is deemed to be "without prejudice."  *See* Fed. R. Civ. P. 41(a)(1); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959).  No court order is required.  The notice of dismissal is effective by itself to terminate the action: "[A]n action may be dismissed by [a party]

United States District Court
Northern District of California

1    without order of the court . . . by filing a notice of dismissal." Fed. R. Civ. P. 41(a)(1); *see also*

2    *Hamilton v. Shearson-Lehman Am. Exp. Inc.*, 813 F.2d 1532, 1534-36 (9th Cir. 1987) (Rule

3    41(a)(1)(i) does not require leave of court to dismiss the action).

4        The court will construe Petitioner's "Motion to Dismiss" as a notice of dismissal.

5    Petitioner's notice of dismissal was filed before service by the adverse party of an answer;

6    therefore, the court finds that Petitioner has the absolute right to dismiss his action voluntarily.

7    *See* Fed. R. Civ. P. 41(a)(1)(i). Based on Petitioner's request for voluntary dismissal, the court

8    acknowledges that this action is DISMISSED without prejudice. *See id.*

9        The Clerk shall enter judgment, terminate all pending motions, and close the file.

10    This Order terminates Docket No. 5.

11        IT IS SO ORDERED.

12    Dated: May 1, 2015

13    _____

14    DONNA M. RYU
     United States Magistrate Judge

*United States District Court*
*Northern District of California*

15

16

17

18

19

20

21

22

23

24

25

26

27

28